SUMMARY ORDER

Petitioner Yu Chai Huang, a native and citizen of the People’s Republic of China, seeks review of a September 4, 2008 order of the BIA affirming the August 23, 2006 decision of Immigration Judge (“IJ”) Brigitte LaForest, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Yu Chai Huang, No. A97 746 646 (B.I.A. Sept. 4, 2008), aff'g No. A97 746 646 (Immig. Ct. N.Y. City Aug. 23, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We conclude that the BIA did not err in concluding that Huang failed to establish her eligibility for asylum, withholding of removal, and CAT relief. Huang’s applications for relief were based on two independent claims: (1) that she has a well-founded fear of future persecution under China’s family planning policy because she has one child; and (2) that she will more likely that not be persecuted or tortured if returned to China because she departed that country illegally.
With regard to the family planning claim, the BIA recently clarified that “[an] insertion of an IUD does not rise to the level of harm necessary to constitute ‘persecution,’ absent some aggravating circumstances.” In re M-F-W-, 24 I. & N. Dec. 633, 633 (B.I.A.2008). Huang describes no such “aggravating circumstances” that would make an IUD insertion persecution in her case. See id. at 633, 642.
Huang’s claim that she would be forced to undergo sterilization is “speculative at best.” See Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005). The BIA properly found that Huang’s forced sterilization claim was without merit as she had “not shown a reasonable possibility that sterilization would be used against her, or someone similarly situated — that is, a Chi *502 nese national with one United States citizen child who potentially seeks to have another child in China.” Huang has never been forced to use an IUD, never been asked to submit to a sterilization procedure, and only has one child. Cf. Rui Ying Lin v. Gonzales, 445 F.3d 127, 135-36 (2d Cir.2006). Accordingly, to the extent that Huang’s asylum, withholding of removal, and CAT claims were based on her family planning claim, the agency properly denied her applications for relief. See Paul v. Gonzales, 444 F.3d 148, 156-57 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
Substantial evidence also supports the agency’s conclusion that Huang’s illegal departure claim is without merit. The IJ properly found that any sanctions imposed on Huang would constitute prosecution, not persecution. Thus, Huang failed to establish her eligibility for withholding of removal.[2] See Saleh v. U.S. Dep’t of Justice, 962 F.2d 234, 239 (2d Cir.1992) (“Punishment for violation of a generally applicable criminal law is not persecution.”). Similarly, Huang failed to present particularized evidence suggesting that, if repatriated, she will more likely than not be subject to torture. See Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 157-58 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. Because Huang failed to challenge the agency's denial of her asylum claim based on her illegal departure from China, we deem any such argument waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).